IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

SULFCO, LLC, a Georgia )
limited liability company, )
 )
Plaintiff, )
 )
v. ) CASE NO. CV419-255
 )
SUBGALLAGHER INVESTMENT )
TRUST, PATRICIA MOORE, in )
her capacity as Trustee of )
the Subgallagher Investment )
Trust and in her individual )
capacity, and JOHN DOES 1- )
50, )
 )
Defendants. )



## ORDER

Before the Court is Defendants Subgallagher Investment Trust and Patricia Moore's Motion to Set Aside Default. (Doc. 9). Plaintiff filed its request for entry of default on November 8, 2019. (Doc. 7.) On November 12, 2019, the Clerk of Court entered default against Defendants Subgallagher Investment Trust ("SGIT") and Patricia Moore ("Moore"). (Doc. 8.) The following day, on November 13, 2019, Defendants SGIT and Moore filed their Motion to Set Aside Default. (Doc. 9.) For the reasons that follow, Defendants' Motion to Set Aside Default is **GRANTED**.

Federal Rule of Civil Procedure 55(c) provides that an entry of default may be set aside for good cause. In

determining whether there is good cause, courts commonly consider "whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951 (11th Cir. 1996) (internal citations omitted). These factors are not "talismanic" and courts have also considered other factors such as whether the defaulting party acted promptly to cure the default. Id. In this circumstance, the Court finds that Defendants SGIT and Moore's lapse was not willful, that setting aside the default would not prejudice Plaintiff, and, finally, that Defendants SGIT and Moore acted promptly to cure the default.

First, the Court finds that Defendants SGIT and Moore's failure to timely respond was not willful. Default is willful when the litigant displays "either an intentional or reckless disregard for the judicial proceedings." Id. at 951-52. In this case, Defendants SGIT and Moore state that their delay in responding to the complaint was due to numerous issues in retaining counsel. Specifically, Defendants SGIT and Moore state that, upon Defendant Moore being served, she provided the complaint to Sherry Sims, who handles the day-to-day management of

2

Defendant SGIT. Sims shared the complaint with Michael Casey, Defendant SGIT's outside counsel, who then forwarded a copy on October 16, 2019 to Pete Marte, chief executive officer of Hannah Solar, and tendered the defense of the suit to Marte pursuant to a General Agreement of Indemnity between Defendant SGIT and Hannah Solar. (Doc. 9, Attach. 1 at 2-3.) Marte agreed that he would find an attorney for SGIT's defense and Casey communicated with him frequently over the next two weeks about counsel. (Id. at 3.) Marte suggested his own attorney, Leslie Pinyero, provide a defense but Pinyero declined due to a conflict of interest. (Id.) Pinyero advised Casey on October 31, 2019, that Mike Conner, an attorney in Savannah, was willing to take the case but Conner was ultimately not retained because Marte did not pay the retainer fee. (Id. at 3-4.) On November 1, 2019, Defendant SGIT contacted its Nevada counsel, Litchfield Cavo LLP, about representation but was informed on November 4, 2019, that representation would not be possible as no partner in the firm's Atlanta office was barred in the Southern District of Georgia. (Id. at 4.) Also on November 1, 2019, Defendant SGIT contacted its normal Atlanta counsel about providing a defense but the firm declined representation on the grounds that they were not competent to provide a defense in this case. (Id.)

Defendant SGIT then contacted Smith, Gambrell & Russell on November 4, 2019 and Smith, Gambrell & Russell was formally retained on November 6, 2019. (Id.)

The Court does not find this conduct to be the actions of parties engaged in intentional or reckless disregard for the judicial proceedings. Defendants SGIT and Moore were actively seeking representation and were relying on a third party to honor its contractual obligation to provide a defense. Additionally, where a litigant takes actions to promptly cure default, courts are hesitant to find that the litigant acted willfully. See Auto Owners Ins. Co. v. Sapp, No. 1:15-CV-90 (LJA), 2017 WL 6210317, at *2 (M.D. Ga. Jan. 10, 2017); Joe Hand Promotions, Inc. v. Allen, No. CV 118-127, 2018 WL 5087233, at *1 (S.D. Ga. Oct. 18, 2018). Here, Defendants SGIT and Moore filed their Motion to Set Aside default the day after the Clerk entered default against them. (Doc. 9.) The Court finds that Defendants SGIT and Moore's delay is not willful as they promptly moved to cure any default and the delay was a result of the Defendants' actively seeking representation.

Second, setting aside default would not prejudice Plaintiff. To demonstrate prejudice, a plaintiff "has to show that the delay would result in a loss of evidence, increased opportunities for fraud, or discovery

4

difficulties." Joe Hand, 2018 WL 5087233, at *2 (internal citations omitted). As this action was filed on October 4, 2019, the Court finds that setting aside default would not create discovery difficulties or otherwise prejudice Plaintiff.

Finally, courts look at whether the defaulting party has presented a meritorious defense in determining whether there is good cause to set aside default. Compania, 88 F.3d at 951. A defendant need only show "a hint of a suggestion" of a meritorious defense. Joe Hand, 2018 WL 5087233, at *2 (citing Buonocore v. Credit One Bank, N.A., No. 3:14-CV-067, 2014 WL 6620623, at *2 (M.D. Ga. Nov. 21, 2014)). Although the parties disagree as to the merits of Defendants SGIT and Moore's defenses, the Court finds that Defendants SGIT and Moore have asserted the hint of meritorious defenses sufficient to set aside default. Even if Defendants SGIT and Moore had not asserted a meritorious defense, it would not disturb this Court's finding that there is good cause to set aside default. The good cause analysis does not require that each factor be satisfied. Sherrard v. Macy's Sys. & Tech. Inc., 724 F. App'x 736, 739 (11th Cir. 2018) (stating that the good cause analysis does not require each factor to be satisfied and finding that the defendant's "inadvertent mistake, prompt action to

5

correct its default, and the lack of prejudice" are sufficient to show good cause). This Court also notes the Eleventh Circuit's "strong preference for deciding cases on the merits—not based on a single missed deadline—whenever reasonably possible." Perez v. Wells Fargo N.A., 774 F.3d 1329, 1332 (11th Cir. 2014); Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985) ("[W]e must respect the usual preference that cases be heard on the merits rather than resorting to sanctions that deprive a litigant of his day in court.").

As the Court finds that Defendants SGIT and Moore's lapse was not willful, that setting aside the default would not prejudice Plaintiff, and that Defendants SGIT and Moore acted promptly to cure the default, the Court finds that there is good cause to set aside the default. Accordingly, Defendants SGIT and Moore's Motion to Set Aside Default (Doc. 9) is **GRANTED**.

SO ORDERED this 16th day of January 2020.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA