IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| SULFCO, LLC, a Georgia Limited Liability Company, <br><br> Plaintiff, <br> vs. <br><br> SUBGALLAGHER INVESTMENT TRUST; PATRICIA MOORE, IN HER CAPACITY AS TRUSTEE OF THE SUBGALLAGHER INVESTMENT TRUST AND IN HER INDIVIDUAL CAPACITY; ROCHELLE MARTE, and JOHN DOES 1 – 50, <br><br> Defendants. <br> _____ <br><br> SUBGHALLAGHER INVESTMENT TRUST And PATRICIA MOORE, as Trustee of the SubGallagher Investment Trust and in her Individual capacity, <br><br> Third-Party Plaintiffs, <br> vs. <br><br> PETER MARTE and ROCHELLE MARTE, <br><br> Third-Party Defendants. | C.A. No. 4:19-cv-00255 |

## FIRST AMENDED COMPLAINT

Plaintiff, SULFCO, LLC, a Georgia Limited Liability Company ("Sulfco"), by and through its attorneys, hereby files its First Amended Complaint against

45343788 v1

Defendants Subgallagher Investment Trust ("SGIT"), Patricia Moore[1], in her capacity as Trustee of the Subgallagher Investment Trust and in her Individual Capacity, Rochelle Marte, and John Does 1-50, respectfully showing the Court as follows:

## I. PARTIES

1. Sulfco is and was, at all times relevant herein, a limited liability company organized and existing under the laws of the State of Georgia with is principal place of business in Savannah, Georgia, and registered to do business in the State of Georgia. The sole member of Sulfco, LLC is Dulany Industries, Inc., a Georgia Corporation with its principal place of business at 118 E. 35th Street, Savannah, 31401. Accordingly, Sulfco is a citizen of Georgia.

2. SubGallagher Investment Trust ("SGIT") is in the business of providing payment and performance bonds for construction projects. Upon information and belief, SGIT is a Wyoming trust whose address and principal place of business is 30 N. Gould St. Suite 5817, Sheridan, Wyoming 82801. SGIT is a citizen of Wyoming.

---

[1] Sulfco's First Amended Complaint does not state any new claims, causes of action or requests for relief against Patricia Moore, who filed a Suggestion of Bankruptcy on April 2, 2021 (Doc. 69).

3. Upon information and belief Defendant Patricia Moore ("Moore") is an adult individual who has an address of 30 N. Gould St., Suite 5817, Sheridan, Wyoming 82801 and was, at all times relevant herein, a resident and citizen of Wyoming or Texas.  Moore represents that she is the Trustee of the SubGallagher Investment Trust and is sued both individually and as Trustee of SubGallagher Investment Trust.   Moore is a citizen of Wyoming.

4. Upon information and belief, Third-Party Defendant/Defendant Rochelle Marte ("R. Marte") is an adult individual who has an address of 2019 Cambridge Avenue 1, Atlanta, Georgia 30337-1815 and was, at all times relevant herein, a resident and citizen of Georgia.

5. The Doe Defendants 1 – 50 are named herein under fictitious names for the reason that their names and identities are presently unknown to Sulfco except that they are connected in some manner with the named Defendants, or were agents, principals, partners, officers, directors, servants, employees, employers, representatives, co-venturers, associates, consultants, alter egos and/or representatives of Defendants, who were in some manner presently unknown to Sulfco engaged in the activities alleged herein, and/or were in some manner related to the named Defendants.  Plaintiff will substitute the true names and identities, capacities, acts and omissions of Doe Defendants when the same are ascertained.

## II. JURISDICTION AND VENUE

6. This Court has jurisdiction over this dispute pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000.00.

7. Venue is proper in the United States District Court, Southern District of Georgia pursuant to 18 U.S.C.§ 1965 and 28 § U.S.C. 1391(b)(2).

## III. FACTUAL ALLEGATIONS

8. Sulfco hired a General Contractor to design and construct a solar power generation system for Sulfco located at 100 Seapoint Blvd., Savannah, Georgia 31404 (the "Project") pursuant to a construction contract dated on or about August 31, 2018 ("General Contract" a copy of which is attached hereto as **Exhibit "A"**).

9. The General Contract required the General Contractor to provide performance and payment bonds. At the request of General Contractor and for the benefit of Sulfco, SGIT issued a Performance and Payment Bond more fully descried as Irrevocable Trust Receipt Surety Payment Guaranty No. 2018011002BRMLHS (the Performance and Payment Bond are referred herein collectively as the "Bond" copies of which are attached hereto as **Composite Exhibit "B"**).

10. Moore signed and issued the Bond and was an agent or undisclosed principal or alter ego or Trustee of SGIT and is therefore liable to Sulfco for the

obligations under the Bond. Alternatively, if it is determined that SGIT is a nonexistent entity, Moore is also personally liable for the obligations contained in the Bond for purporting to contract on behalf of a non-existent entity.

11. The Bond required SGIT, jointly and severally with the General Contractor, to perform all of the terms and conditions of the General Contract and indemnify and save harmless Sulfco from all damages, costs and expenses, by reason of default or failure of performance by the General Contractor.

12. The Bond also required SGIT to pay any unpaid amounts owed by the General Contractor to subcontractors within thirty days.

13. In connection with providing the Bond, the General Contractor also executed as "principal" that certain General Agreement of Indemnity dated July 26, 2018. (A copy of the "General Agreement of Indemnity" is attached hereto as **Exhibit "C"**).

14. R. Marte executed the General Agreement of Indemnity as an "individual indemnitor."

15. Pursuant to the General Agreement of Indemnity, as an individual indemnitor, R. Marte indemnified SGIT against claims, demands, liability, losses, costs, expenses and the like arising out of, but not limited to, SGIT's performance of the Bond.

16.     Pursuant to the General Agreement of Indemnity, as an individual indemnitor, R. Marte indemnified SGIT against liability incurred or amounts paid in satisfaction of claims relating to the General Contractor's non-performance of the General Contract.

17.     R. Marte promised and guaranteed to indemnify against and pay such claims, demands and the like by Sulfco, with the intent that such payment may be used to satisfy Sulfco's losses, costs or expenses.

18.     R. Marte promised and guaranteed to indemnify against and pay such claims, demands and the like to benefit Sulfco, as both a party to the Bond and a party to the General Contract.

19.     The General Contractor defaulted under the General Contract in several respects including, without limitation, by its failure to complete the General Contract and by its failure to pay all of its subcontractors for work performed.

20.     The General Contractor's failure to pay all of its subcontractors for work performed caused Luke Electric and Atlanta Electric Distributors to record liens against the Project in the respective amounts of $131,000.00 and $84,239.08, copies of which are attached herein as **Composite Exhibit "D"**.

21.     In addition, the General Contractor's failure to complete the work required under the General Contract caused Sulfco to incur costs over and above the

Contract Sum set forth in the General Contract in the amount of $39,091.00 to complete the work.

22. After attempts to resolve the performance and payment issues with the General Contractor were unsuccessful, Sulfco declared the General Contractor in default under the General Contract. Sulfco thereafter asserted a timely claim against the Bond by letter dated April 26, 2019 ("Bond Claim"). (A copy of the Bond Claim is attached as **Exhibit "E"**) which was delivered to SGIT and Moore.

23. Neither SGIT nor Patricia Moore have substantively responded to the Bond Claim.

24. As a result, Sulfco has or will incur costs in the amount of $254,330.08 paying subcontractor claims and completing the scope of work required of the General Contractor and which were guaranteed by the Bond.

## COUNT I
**(Bond Claim Against SubGallagher, Moore and Doe Defendants 1 – 50)**

25. Sulfco realleges and incorporates by reference the allegations contained in paragraphs 8 through 24 of the First Amended Complaint.

26. Sulfco's General Contractor materially defaulted under the terms of the General Contract by its failure to complete the General Contract scope of work and its failure to pay its subcontractors.

27. SGIT, pursuant to the terms of the Bond, and Moore, as Trustee of SGIT or personally for purporting to contract on behalf of a non-existent entity, breached the terms of the Bond and are jointly and severally liable for the performance of the General Contract to Sulfco in the amount of $254,330.08. Accordingly, the Defendants are liable to Sulfco in the amount of $254,330.08, plus interest, costs and fees, and all such additional remedies as the Court deems proper.

## COUNT II
**(Bad Faith Against SubGallagher, Moore and Doe Defendants 1 – 50)**

28. Sulfco realleges and incorporates by reference the allegations contained in paragraphs 8 through 24 of the First Amended Complaint.

29. SubGallagher Investment Trust and Moore as the Trustee of SubGallagher Investment Trust owe a duty of indemnification to Sulfco under the Bond.

30. SubGallagher and/or Moore have failed to pay sums due under the Contract, failed to respond to Sulfco's claim in a timely manner, failed to properly investigate Sulfco's claim, and failed to set forth any justifications whatsoever for failing to pay Sulfco the sums due under the Contract. As required under O.C.G.A. § 33-4-6 Sulfco provided defendant with demand letters dated July 17, 2019 and July 26, 2019 which are attached as **Composite Exhibit "F"**.

31. Sulfco's expenses of $254,330.08 are and were covered by the Bond and SGIT and Moore's refusal to pay the same is in bad faith, entitling Sulfco to an additional $127,165.04, plus reasonable attorney's fees, pursuant to O.C.G.A. § 33-4-6.

32. As a proximate result of SubGallagher and/or Moore's bad faith, Sulfco has incurred damages at an amount to be proven at trial.

33. SubGallagher and/or Moore's bad faith conduct in handling the claim made by Sulfco under the Bond and as described herein was intentional, willful, wanton, reckless, or made with a conscious indifference to the consequences as to entitle Sulfco to statutory damages for bad faith as provided in O.C.G.A. § 33-4-6 as well as punitive damages in an amount to be proven at trial.

## COUNT III
### Right to Indemnity Against Defendant R. Marte

34. Sulfco realleges and incorporates by reference the allegations contained in paragraphs 8 through 24 of the First Amended Complaint

35. Sulfco is an intended third party beneficiary of the General Agreement of Indemnity.

36. As a Guarantor and Indemnitor, R. Marte is liable for Plaintiff's demands, liability, losses, costs, expenses and the like arising from, but not limited to, SGIT's non-performance of the Bond and the General Contractor's non-

performance of the General Contract, in the amount of $254,330.08, plus interest, costs and fees, and all such additional remedies as the Court deems proper.

## COUNT IV
### Attorneys' Fees Against Defendant R. Marte

37. Sulfco realleges and incorporates by reference the allegations contained in paragraphs 8 through 24 of the First Amended Complaint.

38. As a Guarantor and Indemnitor, Rochelle Marte is liable to Sulfco for its attorneys' fees incurred in connection with SGIT's breach of its obligations under the Bond and the General Contractor's non-performance of the General Contract.

WHEREFORE, Sulfco prays that judgment be entered in its favor and against Defendants, as follows:

    A.    That the Court enter an order compelling SGIT, Moore and Marte, jointly and severally, to make full payment to Sulfco for all costs, fees and expenses incurred by Sulfco;

    B.    That Sulfco be awarded its actual, compensatory, consequential, incidental, special and other damages in amounts to be proven at trial;

    C.    That Sulfco be awarded all damages allowed by GA. Code Section 33-4-6;

    D.    That Sulfco be awarded punitive damages in such amounts as the jury may impose;

E.  That Sulfco be awarded its reasonable attorneys' fees and costs;

F.  That Sulfco be awarded pre-judgment and post-judgment interest; and

G.  For such other and further relief as this Court deems just and proper.

Respectfully submitted this 9th day of April, 2021.

                                            Respectfully submitted,

*/s/ Jack G. Kowalski*
Jack G. Kowalski
Georgia Bar No. 428829
jkowalski@burr.com

Bret A. Beldt
Georgia Bar No. 940327
bbeldt@burr.com

**BURR & FORMAN LLP**
171 Seventeenth Street, N.W., Suite 1100
Atlanta, Georgia 30363
Telephone: (404) 815-3000
Facsimile: (404) 817-3244

and

Edwin W. King, Jr.
Georgia Bar No. 420250
eking@edkinglaw.com

**EDWIN W. KING, JR., P.C.**
532 Stephenson Avenue

Suite 300
Savannah, Georgia 31405
Telephone: (912) 238-9010
Facsimile: (912) 238-0425
*Attorneys for the Plaintiff*

                                        */s/ Jack G. Kowalski*
                                        Bret A. Beldt
                                        Georgia Bar No. 940327
                                        bbeldt@burr.com

                                        Jack G. Kowalski
                                        Georgia Bar No. 428829
                                        jkowalski@burr.com

**BURR & FORMAN LLP**
171 Seventeenth Street, N.W., Suite 1100
Atlanta, Georgia 30363
Telephone: (404) 815-3000
Facsimile: (404) 817-3244

and

                                        */s/ Edwin W. King, Jr.*
                                        Edwin W. King, Jr.
                                        Georgia Bar No. 420250
                                        eking@edkinglaw.com

**EDWIN W. KING, JR., P.C.**
532 Stephenson Avenue
Suite 300
Savannah, Georgia  31405
Telephone:  (912) 238-9010
Facsimile:   (912) 238-0425

                                        *Attorneys for the Plaintiff*

## CERTIFICATION OF COUNSEL

I hereby certify that the foregoing filing has been prepared in Times New Roman, 14 point font, one of the font and point selections approved by the Court in Local Rule 5.1(c).

                                        */s/ Jack G. Kowalski*
                                        Jack G. Kowalski
                                        Georgia Bar No. 428829
                                        jkowalski@burr.com
                                        *Attorney for the Plaintiff*

**BURR & FORMAN LLP**
171 Seventeenth Street, N.W., Suite 1100
Atlanta, Georgia 30363
Telephone: (404) 815-3000
Facsimile: (404) 817-3244

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of April, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF systems, and deposited same in U.S. mail addressed as follows:

SubGallagher Investment Trust
c/o Sherry Sims
207 Kirven Avenue
Waxahachie, Texas 75165

Patricia Moore
207 Kirven Avenue
Waxahachie, Texas 75165

Peter Marte
1901 Walthall Drive NW
Atlanta, GA 3018-2648

Louis G. McBryan
McBryan, LLC
6849 Peachtree Dunwoody Rd
Building B-3 Suite 100
Atlanta, GA 30328

*/s/ Jack G. Kowalski*
Jack G. Kowalski
Georgia Bar No. 428829
jkowalski@burr.com
*Attorneys for the Plaintiff*

**BURR & FORMAN LLP**
171 Seventeenth Street, N.W., Suite 1100
Atlanta, Georgia 30363
Telephone: (404) 815-3000
Facsimile: (404) 817-3244

45343788 v1